# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 615

MILLS, Excr. v. MILLS

Ohio Appeals, 3rd Dist., Union Co.

No. 81.    Decided June 11, 1926

1271. WILLS—1. Provisions of 10572 GC. that widow electing to take under will, shall take under will alone, has no reference to specific property mentioned in 10654 GC. or money in lieu thereof.

2. Section 10572 GC. has reference only to property, other than that described in 10654 GC.

WARDEN, J.

Minerva Mills had bequeathed to her by her husband, certain property, and "household goods including the piano, except nine of the best books, the pictures on the walls, my large bible, gold watch and chain and the charm attached thereto, for her natural life." The will disposes of the balance of the property, both real and personal.

James Mills, executor brought an action in the Union Common Pleas to construe the will and the question which arose was whether provisions of 10654 GC. as amended in 110 OL. 51, are available to a widow whose deceased husband's will made provision for her and disposed of all his property in case she elects to take under the will.

Section 10654 GC. provides that when a person dies leaving a widow or widower, or children, the following property shall not be deemed assets or administered as such but must be included and stated in the inventory of the estate;—Household goods - - - not exceeding $500 in value, or if no personal property then $500 in money; all wearing apparel relics - - - - without appraisal and pictures, books - - - not exceeding $200 in value.

Relating to election to take under the will 10572 GC. provides substantially:  If the widow elects to take under the will, she shall be barred of dower and such share of personality, and shall take under the will alone; but election under the will does not bar the right to remain in mansion house or to receive the years allowance for support of widow and children, unless will directs otherwise.

The Common Pleas judgment was that Minerva Mills be given absolutely the articles given her for life and $150 to be paid by the executor.  Error was prosecuted and the Court of Appeals held:

1. By virtue of 10654 GC., the property mentioned therein and the money in lieu, thereof, becomes the property of the widow or children and takes it entirely outside of the estate.

2. Therefore 10572 GC. has no reference to the property or money mentioned in 10654; but only to other than that described in that section.

3. Sections 10656, 10657, and 10658 GC. provide for an allowance of a years support to the wife and children under 15 years of age; while 10654 provides that the property mentioned therein shall not be an asset of the estate; but the property of the widow or minor children, or children, without reference to their age.

4. This is in addition to the allowance for a years support for a widow and children under 15 years of age.

5. The judgment should have been for the specific personal property mentioned in the will; and the difference between the appraised value thereof and $500, the amount exempted by 10654 GC., namely, $299.

Judgment reversed and cause remanded for judgment as indicated herein.

Attorneys—Saffin, Sandles & Reed, Columbus, for Excr.; Milo L. Myers, Marysville, for Mills.